FILED
LODGED
RECEIVED
COPY

NOV 2 0 2012

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>John Peter Endres,<br><br>           Defendant. | CR 12-1957-PHX-GMS (MHB)<br><br>**I N D I C T M E N T**<br><br>VIO:  18 U.S.C. § 157<br>       (Bankruptcy Fraud)<br>       Count 1<br><br>       18 U.S.C. § 152(1)<br>       (Concealment of Assets in<br>       Bankruptcy Proceeding)<br>       Count 2<br><br>       18 U.S.C. § 152(3)<br>       (False Declarations in Bankruptcy<br>       (Proceeding)<br>       Counts 3-12 |

THE GRAND JURY CHARGES:

### Introduction

### Defendant

1. Defendant, JOHN PETER ENDRES (ENDRES), age 50, is a resident of Cave Creek, Arizona. During the relevant time period of this indictment, ENDRES was a website administrator and former operations manager of Revolution Distribution, a synthetic marijuana manufacturer and distributor. On his Bankruptcy Petition, ENDRES claimed to earn approximately $2500 every two weeks from Revolution Distribution.

**iMedia 1, LLC and Revolution Distribution**

2.   In his position as a website administrator, ENDRES provided website services and sales for Revolution Distribution. Revolution Distribution paid ENDRES by paychecks to ENDRES and by making payments to an entity called iMedia 1, LLC.

3.   Arizona Corporation Commission records show that iMedia 1, LLC was reserved on November 13, 2009 by Endres' son. Endres' son did not file Articles of Organization for iMedia 1, LLC until February 21, 2012. The Articles of Organization for iMedia 1, LLC only names Endres' son as member of the company. The address listed for known place of business is 28248 N Tatum Blvd, Cave Creek, AZ 85231.

4.   On November 13, 2009, ENDRES opened a mail box account at the UPS Store #3630, 28248 N Tatum Blvd, Cave Creek, AZ in the name of iMedia 1. ENDRES only authorized himself to pick up restricted mail for this iMedia 1 mail box. This is the address used by Endres' son in the Articles of Organization for iMedia 1, LLC.

5.   On February 2, 2010, ENDRES and Endres' son opened an iMedia 1, LLC business account at JP Morgan Chase Bank. ENDRES' and Endres' son's signatures appear on the signature card for this account. This account received payments from Revolution Distribution as early as January 3, 2011. On February 23, 2011, one day prior to ENDRES' filing the petition for bankruptcy, ENDRES' name was removed from the iMedia 1, LLC bank account. On February 23, 2011, Endres' son executed a JP Morgan Chase Business Account Remove Signers Form, which removed ENDRES' name from the account. After ENDRES' name was removed from the account, the account activity remained the same with payments received from ENDRES' employer, Revolution Distribution.

6.   ENDRES and his spouse filed for Chapter 7 bankruptcy on February 24, 2011. ENDRES signed the Bankruptcy Petition, under penalty of perjury, fraudulently omitting the material information set forth in paragraphs 8, 9 and 18. ENDRES failed to disclose his association to iMedia 1, LLC and its receipt of payment for work performed for Revolution Distribution, thereby hiding assets from the Bankruptcy Court and making other misrepresentations to the

2

Bankruptcy Court.

7.   On March 28, 2011, a meeting of creditors was scheduled.  This meeting is commonly referred to as a "341 meeting" in which the debtor is examined under oath.  The debtor must attend this meeting, at which creditors may appear and ask questions regarding the debtor's financial affairs.  ENDRES and his spouse appeared at this meeting and swore, under oath, that the petition and schedules were truthful and accurate.  During the 341 meeting, there was no mention of iMedia 1, LLC and its receipt of payment for work performed by ENDRES.

**Proceedings**

8.   ENDRES filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 24, 2011.  ENDRES failed to disclose his association with iMedia 1, LLC.  ENDRES signed the Bankruptcy Petition, under penalty of perjury, fraudulently omitting the material information set forth in paragraphs below:

   a.     ENDRES failed to disclose on Schedule B, Item #2 that funds earned by iMedia 1, LLC were deposited to a bank account.

   b.     ENDRES failed to disclose on Schedule B, Item #13 that he had any interests in incorporated and unincorporated businesses.

   c.     ENDRES failed to disclose on Schedule B, Item #14 that he had any interests in partnerships or joint ventures.

   d.     ENDRES failed to disclose on Schedule I, Item #13 his monthly income that he earned through iMedia 1, LLC.

   e.     ENDRES failed to disclose on the Statement of Financial Affairs, Item #1 income earned through iMedia 1, LLC.

   f.     ENDRES failed to disclose on the Statement of Financial Affairs, Item #18 his affiliation to iMedia 1, LLC and/or its employer identification number, address, nature of business, and beginning and ending dates.

   g.     ENDRES failed to disclose on the Chapter 7 Statement of Current Monthly Income

1 | and Means-Test Calculation, Item #3 his monthly income that he earned through iMedia 1, LLC.

2 |       h.     ENDRES failed to disclose on the Chapter 7 Statement of Current Monthly Income

3 | and Means-Test Calculation, Item #4 his income from the operation of a business, namely

4 | iMedia 1, LLC.

5 |       i.     ENDRES failed to disclose on the Current Monthly Income Details for the Debtor

6 | any affiliation to iMedia 1, LLC.

7 |       j.     ENDRES failed to disclose on the Declaration of Evidence of Employers'

8 | Payments within 60 Days any affiliation to iMedia 1, LLC.

9 | 9.   Bank records from Revolution Distribution revealed the following payments made to iMedia

10 | 1, LLC:

| Date | Check # | Amount | Balance |
|------|---------|-------:|--------:|
| 01/03/2011 | 2725 | $ 2,500.00 | $ 2,500.00 |
| 01/11/2011 | 2750 | $ 5,180.37 | $ 7,680.37 |
| 01/11/2011 | 2749 | $ 9,973.37 | $ 17,653.74 |
| 01/27/2011 | 2776 | $ 18,422.26 | $ 36,076.00 |
| 02/11/2011 | 2795 | $ 11,856.34 | $ 47,932.34 |
| 02/11/2011 | 2796 | $ 6,067.44 | $ 53,999.78 |
| 02/11/2011 | 2798 | $ 22,488.60 | $ 76,488.38 |
| 03/04/3011 | 2835 | $ 6,313.79 | $ 82,802.17 |
| 03/04/2011 | 2836 | $ 11,419.26 | $ 94,221.43 |
| 03/24/2011 | 2861 | $ 13,359.36 | $ 107,580.79 |
| 03/24/2011 | 2863 | $ 7,107.91 | $ 114,688.70 |
| 04/08/2011 | 2905 | $ 13,029.27 | $ 127,717.97 |
| 04/08/2011 | 2902 | $ 11,624.53 | $ 139,342.50 |
| 04/21/2011 | 2940 | $ 12,551.68 | $ 151,894.18 |
| 04/21/2011 | 2941 | $ 9,010.29 | $ 160,904.47 |
| 05/02/2011 | 2983 | $ 21,276.40 | $ 182,180.87 |
| 05/02/2011 | 2984 | $ 12,275.21 | $ 194,456.08 |
| 05/25/2011 | 3040 | $ 16,414.91 | $ 210,870.99 |
| 05/25/2011 | 3041 | $ 16,249.86 | $ 227,120.85 |
| 06/07/2011 | 3069 | $ 15,970.19 | $ 243,091.04 |
| 06/07/2011 | 3068 | $ 8,945.70 | $ 252,036.74 |
| 06/20/2011 | 3082 | $ 21,360.34 | $ 273,397.08 |
| 06/20/2011 | 3091 | $ 11,353.76 | $ 284,750.84 |
| 06/30/2011 | 3121 | $ 19,554.79 | $ 304,305.63 |

4

| | | | | |
|---|---|---|---|---|
| 06/30/2011 | 3117 | $ | 12,787.32 | $ 317,092.95 |
| 07/19/2011 | 3170 | $ | 20,819.74 | $ 337,912.69 |
| 07/19/2011 | 3169 | $ | 11,400.29 | $ 349,312.98 |
| 08/03/2011 | 3220 | $ | 23,090.45 | $ 372,403.43 |
| 08/03/2011 | 3221 | $ | 19,320.51 | $ 391,723.94 |
| 08/16/2011 | 3281 | $ | 18,506.67 | $ 410,230.61 |
| 08/16/2011 | 3283 | $ | 14,930.67 | $ 425,161.28 |
| 08/17/2011 | 3293 | $ | 13,243.90 | $ 438,405.18 |
| 08/17/2011 | 3291 | $ | 18,874.66 | $ 457,279.84 |
| 09/07/2011 | 3337 | $ | 26,464.36 | $ 483,744.20 |
| 09/07/2011 | 3339 | $ | 32,255.93 | $ 516,000.13 |
| 09/27/2011 | 3424 | $ | 27,167.22 | $ 543,167.35 |
| 09/27/2011 | 3425 | $ | 24,452.32 | $ 567,619.67 |
| 10/11/2011 | 3483 | $ | 25,289.37 | $ 592,909.04 |
| 10/11/2011 | 3484 | $ | 23,676.91 | $ 616,585.95 |
| 10/26/2011 | 3515 | $ | 54,000.00 | $ 670,585.95 |
| 11/01/2011 | 3555 | $ | 21,075.98 | $ 691,661.93 |
| 11/16/2011 | 3588 | $ | 25,196.47 | $ 716,858.40 |
| 11/16/2011 | 3589 | $ | 17,785.25 | $ 734,643.65 |
| 11/29/2011 | 3615 | $ | 20,368.34 | $ 755,011.99 |
| 11/29/2011 | 3614 | $ | 18,536.37 | $ 773,548.36 |
| 12/14/2011 | 3917 | $ | 21,483.55 | $ 795,031.91 |
| 12/14/2011 | 3918 | $ | 29,163.05 | $ 824,194.96 |
| 12/29/2011 | 3963 | $ | 26,024.77 | $ 850,219.73 |
| 12/29/2011 | 3964 | $ | 23,499.82 | $ 873,719.55 |
| 12/27/2011 | 4023 | $ | 23,121.04 | $ 896,840.59 |
| 12/27/2011 | 4022 | $ | 22,840.83 | $ 919,681.42 |
| 12/31/2011 | 4058 | $ | 9,465.02 | $ 929,146.44 |
| 01/16/2012 | 4092 | $ | 28,026.87 | $ 957,173.31 |
| 02/20/2012 | 4113 | $ | 32,555.95 | $ 989,729.26 |
| 03/06/2012 | 4166 | $ | 23,124.52 | $ 1,012,853.78 |
| 03/13/2012 | 4186 | $ | 18,577.14 | $ 1,031,430.92 |
| 03/22/2012 | 4214 | $ | 31,790.23 | $ 1,063,221.15 |
| 04/12/2012 | 4280 | $ | 25,357.16 | $ 1,088,578.31 |
| 04/12/2012 | 4281 | $ | 3,459.37 | $ 1,092,037.68 |

10. US Bankruptcy Judge granted a discharge of debt to ENDRES and his spouse on June 9, 2011.

5

11. Subsequent to the bankruptcy discharge, on February 17, 2012, ENDRES acquired an approximately 6,700 square foot residence with six-car garage for $1.5 million in Cave Creek, Arizona. On January 19, 2012, ENDRES used an iMedia 1, LLC check for $25,000.00 as earnest money for the purchase of that residence. At closing, ENDRES wired funds from an account in the name of Max Media 1, Inc. for $288,629.86. ENDRES purchased the residence in the name Max Media 1, Inc., a Nevada Corporation.

## COUNT 1
### (Bankruptcy Fraud)

12. Paragraphs 1-11 are re-alleged and reincorporated as if fully set forth herein.

13. As part of a scheme and artifice to defraud, defendant ENDRES devised and intended to devise a scheme to do the following:

    a.    To make a false or fraudulent representation, declaration and claim in relation to a proceeding under Title 11; and

    b.    To intentionally fail to disclose assets and business affiliations in an effort to defraud and defeat creditors in a proceeding under Title 11.

14. For the purpose of executing the scheme and artifice to defraud the Bankruptcy Court and his creditors, ENDRES knowingly and fraudulently caused the following petitions, reports and other pleadings to contain false information or caused material information to be omitted, including assets and business affiliations, which petitions, reports and pleadings were filed under Title 7, United States Code, or about the following dates in the District of Arizona:

**Docket number in**

| **2:11-bk-4599-RJH** | **Pleading/Date Filed** |
| --- | --- |
| 1 | Voluntary Petition filed February 24, 2011 |
| 6 | Declaration of Evidence of Employer Payments filed February 25, 2011 |
| 10 | Summary of Schedules filed February 28, 2011 |
| | Meeting of Creditors (341a Hearing) on March 28, 2011 |

All in violation of Title 18, United States Code, Section 157.

## COUNT 2
### (Concealment of Assets in Bankruptcy Proceeding)

15. Paragraphs 1-14 are re-alleged and reincorporated as if fully set forth herein.

16. Beginning on or about February 24, 2011 to on or after March 28, 2011, in the District of Arizona and elsewhere, ENDRES knowingly and fraudulently concealed from the bankruptcy trustee in connection with case 2:11-bk-4599-RJH, a case filed under Title 11 of the United States Code, the following property and assets belonging to the bankruptcy estate:

(1) Interest in iMedia, LLC; and

(2) deposits listed in paragraph 9, above.

All in violation of Title 18, United States Code, Section 152(1).

## COUNTS 3-12
### (False Declarations in a Bankruptcy Proceeding)

17. Paragraphs 1-16 are re-alleged and reincorporated as if fully set forth herein.

18. On or about the following dates, in the District of Arizona and elsewhere, ENDRES knowingly and fraudulently made the following material and false declarations, certifications, verifications, and/or statements under penalty of perjury, within the meaning of Title 28, United States Code, Section 1746, in relation to the following matters filed under Title 11 of the Untied States Code:

| Count | False Declaration |
| --- | --- |
| 3 | Failure to disclose on Schedule B, Item #2 that funds earned by iMedia 1, LLC were deposited to a bank account |
| 4 | Failure to disclose on Schedule B, Item #13 that he had any interests in incorporated and unincorporated businesses |
| 5 | Failure to disclose on Schedule B, Item #14 that he had any interests in partnerships or joint ventures |
| 6 | Failure to disclose on Schedule I, Item #13 his monthly income that he earned through iMedia 1, LLC |

| | |
|---|---|
| 7 | Failure to disclose on the Statement of Financial Affairs, Item #1 income earned through iMedia 1, LLC |
| 8 | Failure to disclose on the Statement of Financial Affairs, Item #18 his affiliation to iMedia 1, LLC and/or its employer identification number, address, nature of business, and beginning and ending dates |
| 9 | Failure to disclose on the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, Item #3 his monthly income that he earned through iMedia 1, LLC |
| 10 | Failure to disclose on the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation, Item #4 his income from the operation of a business, namely iMedia 1, LLC |
| 11 | Failure to disclose on the Current Monthly Income Details for the Debtor any affiliation to iMedia 1, LLC |
| 12 | Failure to disclose on the Declaration of Evidence of Employers' Payments within 60 Days any affiliation to iMedia 1, LLC |

All in violation of Title 18, United States Code, Section 152(3).

A TRUE BILL

/S/
FOREPERSON OF THE GRAND JURY
Date: November 20, 2012

JOHN S. LEONARDO
United States Attorney
District of Arizona

/S/
THERESA COLE RASSAS
Assistant U.S. Attorney

8